Mauri Long
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 100
Anchorage, AK  99501
Phone 277-5400
Fax   277-9896

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| HARRY CURTIS LUSK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 3:10-CV-_____ |

## COMPLAINT

COMES plaintiff, through counsel, the law firm of Dillon & Findley, P.C., for his cause of action against defendant, hereby alleges as follows:

1. During all relevant times alleged herein, plaintiff Harry Curtis Lusk has been a resident of Fairbanks, Alaska.

2. This cause of action arises under the Federal Tort Claims Act 28 U.S.C. § 1346, 2401 and 2671 *et seq*.

3. This complaint alleges negligence on the part of the Veterans Administration Hospital employees, contractors and/or agents in Anchorage, Alaska on April 17, 2007.

4. On information and belief, Dr. George Gates, surgeon, Dr. Bohler, anesthesiologist, and Dr. Hall, assistant surgeon, and surgical nursing staff were medical doctors and nurses employed by, contracted with, or agents of the Alaska VA Healthcare System & Regional Office (hereafter Veterans Hospital) in Anchorage, Alaska during all relevant times as alleged herein.

5. The Veterans Hospital in Anchorage, Alaska (during all relevant times alleged herein) was part of the United States Department of Veterans Affairs.

6. On or about April 13, 2009, the claims set forth herein were presented to the Office of the General Counsel, Department of Veterans Affairs. On March 16, 2010, the Department of Veterans Affairs denied Mr. Lusk's claims.

**ALLEGATIONS OF NEGLIGENCE**

Plaintiff realleges paragraphs 1 through 6 as if fully set forth herein, and further alleges as follows:

7. On April 17, 2007, Mr. Lusk underwent surgery for repair of damage to his shoulder, namely, open acromioplasty and

rotator cuff repair, by Dr. Gates. Dr. Hall assisted in the operation and Dr. Bohler was the anesthesiologist.

8. Mr. Lusk was placed under general anesthesia and positioned in the "beach-chair" position throughout surgery.

9. Post-surgically, Mr. Lusk noted numbness, weakness and swelling in both hands which progressed over a period of 5 to 6 weeks, to the point he had essentially lost functional ability to care for himself.

10. In June 2007, Mr. Lusk was emergently referred to Seattle Veterans Hospital for cervical diskectomy and fusion to prevent further deterioration of the cervical spine. However, the surgery did not restore his hand function.

11. Despite occupational and physical therapy, Mr. Lusk has not recovered the function in his hands and his activities of daily living are significantly and permanently limited.

12. Mr. Lusk's post surgical condition of central cord syndrome was caused during the surgery on April 17, 2007.

**ALLEGATIONS OF NEGLIGENCE AGAINST THE UNITED STATES**

**COUNT I**

Plaintiff realleges paragraphs 1 through 12 as if fully set forth herein, and further alleges as follows:

13. On information and belief, Drs. Gates, Hall and Bohner, and the nursing staff involved in the April 17, 2007 surgery were federal employees working on the staff of the Veterans Hospital in Anchorage on April 17, 2007.

14. The United States of America, through the surgeons, anesthesiologist, and nursing staff owed plaintiff Harry Curtis Lusk a duty to ensure that he was positioned properly initially and monitored carefully throughout the surgery. Defendant failed to exercise the degree of care and/or with a degree of knowledge or skill possessed by or ordinarily exercised by medical doctors and nurses trained in the fields of surgery, anesthesiology and surgical nursing.

15. Defendant lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by medical doctors trained in their fields in at least the following ways: failure to consider preexisting cervical spinal stenosis and cervical spine disease when positioning patient for shoulder surgery; failure to ensure safe positioning and monitoring of position throughout surgery; and/or improper or inappropriate intubation given this patient's presenting condition.

16. As a direct and proximate result of the negligence above alleged, plaintiff Harry Lusk suffered severe and permanent personal injuries and disability, past and future medical expenses, past and future income loss, increased costs for future household care and assistance with daily living activities, pain and suffering, emotional distress, and diminishment of ability to enjoy life's benefits.

WHEREFORE, plaintiff prays for the following relief:

1. Compensation for all categories of damages allowed under AS 09.55.570 and AS 09.55.580 in effect as of the date giving rise to the claims alleged herein in the total amount as stated on plaintiff's Standard Form 95 dated April 3, 2009;

2. Compensation for emotional distress; loss of consortium; and any other damage suffered as determined at trial; and

3. All costs and other relief deemed just and proper.

DATED this 8th day of September 2010, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiff

By: s/Mauri Long
Mauri Long, ABA No. 9001001
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Phone: 277-5400
Fax: 277-9896
Email: mauri@dillonfindley.com